ESTATE OF JOSEPH P. KOSOW, DECEASED, ELEANOR C. KOSOW, PERSONAL REPRESENTATIVE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kosow v. Commissioner
Docket No. 11003-89
United States Tax Court
T.C. Memo 1992-539; 1992 Tax Ct. Memo LEXIS 558; 64 T.C.M. (CCH) 727; September 14, 1992, Filed *558 Decision will be entered under Rule 155. Held: The evidence is insufficient to make a finding that the estate's payment of $ 4 million to decedent's two children constituted payment of an indebtedness of decedent to them. For Petitioner: Lester G. Fant, III. For Respondent: Sergio Garcia-Pages. WHITAKER
WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: Respondent determined a deficiency in the Federal estate tax of the Estate of Joseph P. Kosow, deceased, in the amount of $ 13,137,087 which reflected in part additional assets included in the estate by respondent. Respondent has conceded the entire deficiency except for the sum of $ 4 million which the estate claims is deductible as a debt of the estate under section 2053. [1] The issue is whether the estate is entitled to a deduction for the sum of $ 4 million paid to decedent's two sons from his first marriage. *559 FINDINGS OF FACT Eleanor C. Kosow, the personal representative of the estate resided in Dade County, Florida, at the time the petition in this case was filed. Decedent and Barbara Kosow, his first wife, were married on November 8, 1938. They had two children, Marvin Paul, born in 1940, and Jeffrey Alan, born in 1945. Approximately 12 years after their marriage, decedent and Barbara Kosow entered into a separation and property settlement agreement dated April 30, 1951. The agreement was amended on June 13, 1952. At the time of the separation agreement, decedent was 34 years old and Barbara Kosow was 33. The two children were 10 and 6 years old, respectively. Decedent and his wife were then living in the Commonwealth of Massachusetts. Under the settlement agreement, Barbara Kosow was entitled to receive $ 100 per week or $ 5,200 per year in spousal support until her death or remarriage and $ 4,160 per year for child support for the two children. Thus the annual support for the wife and children totaled $ 9,360. The record contains insufficient evidence for a finding as to decedent's net worth or annual income at the time of the separation agreement. The settlement agreement *560 contained a number of additional provisions with respect to the payment by the decedent of certain costs and expenses of the children. However, for present purposes, the most important provision in the settlement agreement was the requirement that decedent leave two-thirds of his estate at his death to be shared equally by the two children of his marriage with Barbara Kosow and any children from subsequent marriages. In October 1952 Barbara Kosow filed a complaint for divorce in Dade County Circuit Court in Miami, Florida, which court on October 29, 1952, issued a final decree of divorce incorporating into the decree the 1951 settlement agreement as amended in 1952. Four days later, Barbara Kosow remarried and in 1953 decedent remarried. In 1984 decedent transferred all of his property to his second wife, Eleanor Kosow. Decedent died in November 1984. Shortly after marrying Barbara Kosow, decedent borrowed money from a bank to start a duffle bag business with decedent's loan guaranteed by Barbara Kosow's father. Later on decedent started a money lending business through a corporation known as Industrial Finance Corporation which was thereafter in 1950 replaced by Industrial *561 Finance Company, Inc. Decedent appears to have been successful in all of his business enterprises. By 1950 the standard of living of decedent and Barbara Kosow was considered to be quite high. The home in which the Kosows lived in 1951 was located in an exclusive neighborhood. It was a three-story structure with a basement and had a two-car garage. The furnishings in the house were of good quality. By 1950 the Kosows employed a housekeeper and a nurse, both of whom lived in the Kosow home. Both decedent and Barbara Kosow were well dressed. Decedent purchased expensive jewelry for his wife, they drove expensive automobiles, and lived expensively. However, the evidence is insufficient to allow us to make a finding as to decedent's net worth in 1950. After decedent's death, the two children by Barbara Kosow filed suit against the estate, seeking to enforce the provision for their benefit under the settlement agreement. The litigation was settled by payment to each of the children of the sum of $ 2 million dollars. It is the deductibility of these payments to the two children which is the issue before us. OPINION The crucial issue in this case involves the 1951 settlement *562 agreement as amended in 1952. Section 2053(c)(1)(A) permits a deduction which is founded on an agreement "to the extent that was contracted bona fide and for an adequate and full consideration in money or money's worth." Respondent has conceded that the claim was contracted bona fide and not as a subterfuge. The issue boils down to the question of whether or not the agreement to devise two-thirds of decedent's estate to his children was supported by "adequate and full consideration". Petitioner argues that Barbara Kosow received fairly nominal support under the settlement agreement relative to decedent's net worth and their standard of living, and that she accepted substandard support in consideration of decedent's agreement to leave two-thirds of his estate to the children, which decedent failed to do. This may well be true. However, the facts before us are insufficient for us to make a finding of "adequate and full consideration." While $ 5,200 per year seems a small sum for a wealthy individual to pay as spousal support, the question we must decide is whether Barbara Kosow would have been entitled to support in excess of that sum, had she demanded it. This is obviously a *563 question of State law, presumably the law of the Commonwealth of Massachusetts, where the couple were living when the settlement agreement was negotiated and executed. Unfortunately for petitioner, this record does not permit us to make such a finding. Therefore, we cannot on this record determine whether the agreement by decedent to leave two-thirds of his estate to his children was supported by adequate consideration, thus creating an obligation of the estate which may be characterized as a debt. Decision will be entered under Rule 155. Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code of 1954 in effect as of the date of decedent's death, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩